UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                          Chapter 11

**TGP COMMUNICATIONS, LLC**                  Case No.  24-13938-MAM

    Debtor.
_____/

**DEBTOR'S APPLICATION FOR AUTHORIZATION TO
EMPLOY AND RETAIN HOUSTON RODERMAN, PLLC
AS BANKRUPTCY COUNSEL FOR DEBTOR-IN-POSSESSION**

**TGP COMMUNICATIONS, LLC** ("**Debtor**") requests entry of an order of the Court authorizing the employment and retention of Bart A. Houston, Esq. and Houston Roderman, PLLC (collectively, "**HR**") as general bankruptcy counsel to the Debtor in connection with its Chapter 11 case in accordance with the terms and conditions set forth in this Motion.

**Jurisdiction and Venue**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157(b) and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.  Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3.  The statutory bases for the relief requested herein are sections 327(a) and 330 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rules 2014-1 and 2016-1.

## Background

4. On April 24, 2024, the Debtor filed its Voluntary Petition under Chapter 11, Subchapter V of the U.S. Bankruptcy Code. The Debtor continues to operate as Debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

5. The Debtor is a Missouri limited liability company that maintains its principal place of business in Palm Beach County.

## HR Qualifications

6. The Debtor seeks to retain HR as its bankruptcy counsel because of the firm's experience and knowledge with regard to debtors' and creditors' rights and reorganization under Chapter 11 of the Bankruptcy Code. The Debtor believes that HR is well qualified and able to represent it in this Chapter 11 case in an efficient and timely manner.

## Services to be Provided

7. Consistent with the terms of the retainer agreement with the Debtor, the professional services HR shall render may be summarized as follows:

    a. Advise the Debtor with respect to its powers and duties as debtor-in-possession and generally advise on matters of bankruptcy law in connection with this case;
    b. Advise the Debtor with respect to its responsibilities in complying with the U.S. Trustee's Operating Guidelines, Reporting Requirements and with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable bankruptcy rules, including local rules, pertaining to the administration of the case;
    c. To prepare motions, applications answers, orders, reports and any other legal documents necessary in the administration of the case;
    d. To negotiate with creditors, prepare and seek confirmation of a plan of reorganization and related documents, and assist the Debtor with implementation of any plan;
    e. Review executory contracts and unexpired leases, if any;
    f. To negotiate and document any financing matters;
    g. To advise the Debtor regarding immediate litigation issues;

2

    h. To protect the interest of the Debtor in all matters pending before the Court; and

    i. To undertake the filing and prosecution of any claims or actions against creditors or other third parties.

### **Professional Compensation**

8. HR will apply for compensation for services rendered and reimbursement of costs incurred on behalf of the Debtor pursuant to sections 330 and 331 of the Bankruptcy Code, and as may be adjusted from time to time in accord with the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee for the Southern District of Florida (the "**U.S. Trustee**") and other applicable procedures and orders of the Court.

9. HR will provide services on an hourly basis, at rates comparable to those for comparable matters. Currently, the partner rate for Bart A. Houston is $595.00 per hour, associates at $450.00 and non-attorney paraprofessionals is $150.00 - $185.00.

10. On Tuesday, April 16, 2024, HR received a fee retainer of $50,000.00 and cost retainer of $7,500.00 from the Debtor.

11. Prior to the filing of the Bankruptcy Case, HR applied: $1,738.00 for the Chapter 11 filing fee and $24,800.00 for prepetition services including the gathering and study of the financial information, research (legal and otherwise), preparation of schedules and related documents for the bankruptcy filing and litigation matters pending in other jurisdictions.

12. HR will not be paid any compensation by the Debtor except upon application by HR and upon approval by the Court after notice and hearing.

13. To the best of the Debtor's knowledge, neither Bart A. Houston nor Houston Roderman, PLLC has any connection with the creditors or other parties-in-interest or their respective attorneys except as set forth in the Houston Declaration. Neither Bart A. Houston nor Houston Roderman, PLLC represents any interest adverse to the Debtor. Thus, the Debtor believes that Bart

A. Houston and Houston Roderman, PLLC are disinterested as required by section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

14. Attached to this application as **Exhibit "A"**, is the *Declaration of Bart A. Houston, Esq on Behalf of Houston Roderman, PLLC as Proposed Bankruptcy Counsel for Debtor-In-Possession* demonstrating that Bart A. Houston and Houston Roderman, PLLC are "disinterested" as required by 11 U.S.C. § 327(a) and Bankruptcy Rule 2014.

**WHEREFORE,** TGP Communications, LLC, as Debtor in Possession seeks approval of Houston Roderman, PLLC and Bart A. Houston, Esq. as general bankruptcy counsel in accordance with the terms and conditions stated in this application.

**Dated: April 30, 2024**

/s/ James Hoft
TGP Communications, LLC,
Debtor-in-Possession

# Exhibit "A"

**Declaration of Bart A. Houston**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| **TGP COMMUNICATIONS, LLC** | Case No. 24-13938-MAM |
| **Debtor.** _____ / | |

**DECLARATION OF BART A. HOUSTON, ESQ ON BEHALF**
**OF HOUSTON RODERMAN, PLLC AS PROPOSED**
**BANKRUPTCY COUNSEL FOR DEBTOR-IN-POSSESSION**

I, Bart A. Houston, declare as follows:

1. I am an attorney employed by Houston Roderman, PLLC ("**HR**"). HR maintains offices for the practice of law at 633 S. Andrews Avenue, Suite 500, Fort Lauderdale, Florida 33301.

2. I am familiar with the matters set forth herein and make this Affidavit in support of the *Application of Debtor-In-Possession for Employment of Bart A. Houston and Houston Roderman, PLLC as Proposed Bankruptcy Counsel for Debtor-In-Possession* (the "**Application**").

3. In support of the Application, I disclose the following:

    a. Unless otherwise stated, this Affidavit is based upon facts of which I have personal knowledge.

    b. In preparing this Affidavit, I have reviewed the list of all creditors and any close relationships of the Debtor. HR maintains a computerized billing and conflict check system. HR has compared the information obtained thereby with the information contained in its client and adverse party conflict check system. The facts stated in this Affidavit as to the relationship between HR and the Debtor, the Debtor's creditors, the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code, are based on the results

of my review of HR's conflict check system. Based upon such search, HR does not represent any entity in any matter involving or adverse to the Debtor or which would constitute a conflict of interest or impair the disinterestedness of HR in respect of its representation of the Debtor in this case.

4. HR's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business by HR, and it is the regular practice of HR to make and maintain these records. The system reflects entries that are noted at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I am the person who is responsible for the supervision of the system and ensure this system remains up-to-date, and I regularly use and rely upon the information contained in the system in the performance of my duties with HR and in my practice of law.

5. HR neither holds nor represents any interest adverse to the Debtor and is disinterested person within the scope and meaning of Section 101(14) of the Bankruptcy Code.

6. Neither I nor HR has or will represent any other entity in connection with this case, and neither I nor HR will accept any fee from any other party or parties in this case, except the Debtor in Possession or otherwise disclosed in this affidavit and application, or otherwise authorized by the Court.

7. Beginning in or about February 2024, the Debtor consulted HR for advice and information relating to the potential filing of a voluntary petition in the Southern District of Florida. On April 16, 2024, HR received a fee retained of $50,000.00 and cost retainer of $7,500.00.

8. Prior to the filing of the Bankruptcy Case, HR has studied and researched issues concerning the Debtor's litigation in other jurisdictions and advised the Debtor of its options for the

7

filing of the bankruptcy case and otherwise gathered and organized the financial and related information necessary to file the Bankruptcy Case.

9. On April 24, 2024, HR applied: $1,738.00 for the Chapter 11 filing fee from the cost retainer and $24,800.00 from the fee retainer for the prepetition services and preparation of information for the Chapter 11 filing. As of the date of filing, HR is holding $25,200.00 from the remaining fee retainer and $5,307.00 for costs.

10. The professionals' fees and costs to be incurred by HR in the course of its representation of the Debtor in this case shall be subject in all respects to the application and notice requirement of 11 U.S.C. §§ 330 and 331 and Fed. R. Bank. P. 2014 and 2016.

11. The hourly rate for lawyers working on this matter is as follows: Bart A. Houston is $595.00 and Alex Lewitt is $450.00.

12. The hourly rate for the clerks and para-professionals at HR is $150.00 - $185.00. HR reserves the right to increase its hourly rates in accordance with its normal and customary business practices.

13. There is no agreement of any nature as to the sharing of any compensation to be paid to HR, except between the employees of HR. No promises have been received by HR, nor any member or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code and as disclosed in this affidavit.

14. No attorney at HR has any other interest, direct or indirect, that may be affected by the proposed representation.

15. Except as set forth herein, no attorney at HR has had or presently has any connection with the above-captioned Debtor or the estate on any matters in which HR is to be engaged.

16. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

**Dated:  April 30, 2024**

        **HOUSTON RODERMAN, L.L.C.**
*Proposed Attorney for Debtor-in-Possession*

By: /s/ Bart A. Houston
Bart A. Houston
Florida Bar No. 623636
633 S. Andrews Ave. Suite 500
Ft. Lauderdale, Florida 33301
Telephone: (954) 900-2615
Facsimile: (954) 839-9068
Primary Email: bhouston@thehoustonfirm.com
Secondary Email: dschena@thehoustonfirm.com