UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| TGP COMMUNICATIONS, LLC , | : | CASE NO. 24-13938-MAM |
| | : | |
| DEBTOR. | : | |

**UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTOR'S MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO SUPPRESS PERSONALLY IDENTIFIABLE INFORMATION FOR CERTAIN INDIVIDUAL CREDITORS**

Mary Ida Townson, the United States Trustee for Region 21 (the "U.S. Trustee"), through her undersigned counsel, files this objection (the "Objection") to the *Debtor's Motion for an Order Authorizing the Debtor to Suppress Personally Identifiable Information for Certain Individual Creditors* (the "Motion") (Dkt. 26), and respectfully states:

### I.    PRELIMINARY STATEMENT

1. The bankruptcy process operates, like the rest of the court system, on the bedrock principle of American jurisprudence that the public has a right of access to judicial records. Only under limited circumstances may a federal court restrict or deny that access. Here, the Debtor seeks authority for a wholesale redaction of all personal identifiable information, including the creditors' names, for the contract writers (the "Contract Writers") that perform contract work for the Debtor.

2. Disclosure is a basic premise of bankruptcy law. Indeed, it is fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised. The Bankruptcy Code contains very limited and specific exceptions to the general rule that bankruptcy proceedings should be open and

transparent. The movant must demonstrate extraordinary circumstances and a compelling need to obtain protection to justify any such request. This is especially true as to information required to be filed by the Bankruptcy Code, Bankruptcy Rules, and the Local Rules, such as the creditor matrix, schedules, and statements. Here, with nothing more than vague statements supporting the request, the Debtor seeks extremely broad authority to redact all information relating to the Contract Writers. If the Motion is granted, the ability of interested parties to evaluate the Debtor and its bankruptcy process and to communicate and find each other will be significantly curtailed.

3. In addition to creating unfavorable precedent in this and other media industry chapter 11 cases, allowing the Debtor to file incomplete creditor lists and schedules and statements is a slippery slope. Does the Debtor intend to conduct its claim objections under seal? Will certain creditors' treatment in a plan be redacted? Will objections to the disclosure statement and confirmation also be sealed? Will the hearings before the Court in this case have to be repeatedly closed? It is well settled that, as a matter of promoting the integrity of the judicial system, bankruptcy proceedings must be open and transparent. Accordingly, the Debtor's request should be denied.

## II. JURISDICTION, VENUE AND STANDING

4. This Court has jurisdiction to hear and determine this Objection.

5. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

6. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

### III.  FACTUAL BACKGROUND

#### A. General Case Background

7. On April 24, 2024, ("Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") (Dkt. 1).

8. The Debtor continues to operate its business as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

9. On April 25, 2024, the U.S. Trustee appointed Linda Marie Leali as Subchapter V Trustee (Dkt. 6).

10. The Debtor "owns and operates a conservative news and opinion website" (Dkt. 13, ¶3).

11. The Debtor claims it operates from 1820 N. Jensen Beach Blvd., Unit 1120, Jensen Beach, FL 34957 (Dkt. 13, ¶4). Upon information and belief, this address is actually the location of a Mailboxes, Inc.

12. On May 6, 2024, the U.S. Trustee conducted its initial debtor interview (the "IDI"). At the IDI, Jonathan Burns, the Debtor's in-house counsel appeared on behalf of the Debtor.

13. James Hoft, the manager and principal of the Debtor and signatory on the Debtor's bankruptcy petition and schedules, did not appear at the IDI.

14. On May 22, 2024, the Debtor filed its schedules and Statement of Financial Affairs. (Dkt. 30).

15. On its Schedule F, the Debtor listed the Contract Writers, as Jane Doe or John Doe, followed by a letter. The address listed for each of the Contract Writers was in care of Jonathan Burns, at POB 191250, Saint Louis, MO, 63119 (Dkt. 30).

16. It is unclear who has access to, or controls that post office box. On May 30, 2024, the U.S. Trustee commenced the meeting of creditors (the "Meeting of Creditors"). At the Meeting of Creditors, Jonathan Burns, the Debtor's in-house counsel appeared on behalf of the Debtor.

17. James Hoft, the principal of the Debtor and signatory on the Debtor's bankruptcy petition and schedules, did not appear at the Meeting of Creditors so the Meeting of Creditors was continued to June 6, 2024, at 3:30 p.m.

**B. The Motion**

18. On May 21, 2024, the Debtor filed the Motion.

19. The Motion seeks a court order allowing the Debtor to suppress from any paper filed with the Court, the names, residential addresses, mailing addresses, and email addresses of the Contract Writers. (Motion, ¶8).

20. The Motion provides the rationale for the relief is that the "Contract Writers investigate and draft articles to be published on the Debtor's website" and they are "subject to extreme criticisms from other less conservative groups." The Debtor also claims that ". . . in the past, several of the "Contract Writers have received threats of bodily harm from groups and individuals". (Motion, ¶9).

21. The Motion is not supported by a Certification and provides no evidentiary support for the allegations made or relief requested.

### IV. LEGAL FRAMEWORK

#### A. Debtors in Bankruptcy Are Required to File Certain Information Regarding Their Creditors

22. The Bankruptcy Code states that the debtor "*shall* . . . file, unless the court orders otherwise - a schedule of assets and liabilities," and "statement of the debtor's financial affairs," among other information. 11 U.S.C. § 521(a)(1)(B)(i)(emphasis added). Rule 1007-1(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that a debtor, other than one under chapter 9, shall file schedules of assets and liabilities, of current income and expenditures, of executory contracts and unexpired leases, and a statement of financial affairs, among other documents.

23. Bankruptcy Rule 1007(a)(1) requires that a debtor in a voluntary case "file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E/F, G and H as prescribed by the Official Forms."

24. Debtors in chapter 11 and chapter 9 cases are also required to file Official Form 201, setting forth a list of creditors with the largest unsecured claims that are not insiders. That form requires the provision of the following information for such creditors: name, complete mailing address, the name, telephone number and email address of a creditor contact, and the nature and amount of claim.

#### B. The Right of Public Access to Judicial Records

25. In American jurisprudence, there is a long-standing, common law right of public access to court records. *See Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 591 (1978) ([i]t is clear that the courts of this country recognize a general right to inspect and copy public records

and documents, including judicial records and documents.") The public's right of access envisions "a pervasive common law right to inspect and copy public records and documents, including judicial records and documents." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citations omitted).

26. The "access to civil proceedings and records promotes public respect for the judicial process." *Id.* (citations omitted). Such access is "rooted in the public's First Amendment right to know about the administration of justice." *Motors Liquidation Co. Avoidance Action Trust v. JP Morgan Chase Bank, N.A. (In re Motors Liquidation Co.)*, 561 B.R. 36, 41 (Bankr S.D.N.Y. 2016). This right is "firmly entrenched and well supported by policy and practical considerations." *Orion Pictures Corp. v. Video Software Dealers Assoc.*, 21 F.3d 24, 26 (2d Cir. 1994).

27. The right of public access has given rise to "a strong presumption and public policy in favor of public access to court records." *In re Borders Grp., Inc.*, 462 B.R. 42, 46 (Bankr. S.D.N.Y. 2011). This presumption "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice . . . [P]ublic monitoring is an essential feature of democratic control." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). The Second Circuit has issued this pointed guidance:

> There must be a strong presumption against sealing any document that is filed with the court. Our courts do not operate in secrecy. Except on rare occasions and for compelling reasons, everything that courts do is subject to public scrutiny. To hide from the public entire proceedings, or even particular documents or testimony forming a basis for judicial action that may directly and significantly affect public interests, would be contrary to the premises underling a free, democratic society.

*City of Hartford v. Chase*, 942 F.2d 130, 137 (2d Cir. 1991).

### C. The Right to Public Access Is Codified in the Bankruptcy Code

28. In our bankruptcy system, it is widely acknowledged that the governmental interest is safeguarding public access to judicial records is "of special importance . . . as unrestricted access to judicial records fosters confidence among creditors regarding fairness in the bankruptcy system." *Motors Liquidation*, 561 B.R. at 41, *quoting Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.)*, 422 F.3d. 1, 7 (1st Cir. 2005) (*quoting In re Crawford*, 194 F.3d. 954, 960 (9th Cir. 1999). Described as "fundamental to the operation of the bankruptcy system and . . . the best means of avoiding any suggestion of impropriety that might or could be raised," the policy of open inspection, as applied in this Court, cannot be underestimated. *Motors Liquidation*, 561 B.R. at 41-42, *quoting In re Bell & Beckwith*, 44 B.R. 661, 664 (Bankr. N.D. Ohio 1984).

29. The common law right of public access to judicial records has been codified in section 107(a) of the Bankruptcy Code. *Togut v. Deutsche Bank AG (In re Anthracite Capital Inc.)*, 492 B.R. 162, 170, 173 (Bankr S.D.N.Y. 2013); *see also Gitto Global*, 422 F.3d at 7-8 (section 107 supplants the common law of public access). Pursuant to section 107(a), papers filed in bankruptcy cases and the Court's dockets are "public records, open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a); *Anthracite*, 492 B.R. at 170.

### D. The Limited Exception of Bankruptcy Code § 107(c)

30. Despite its deep underpinnings, the right to public access to court records is "not absolute." *Nixon*, 435 U.S. at 598; *Motors Liquidation*, 561 B.R. at 42. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598; *Orion Pictures*, 21 F.3d at 27 (noting that court may limit access where user's purpose is improper).

31. Section 107(b)(1) of the Code provides that, "[o]n request of a party in interest, the bankruptcy court shall, . . . protect an entity with respect to a trade secret or confidential research, development or commercial information." 11 U.S.C. § 107(b)(1). Section 107(b) of the Code provides a "narrow statutory exception" to public access in bankruptcy cases." *In re Muma Services, Inc.*, 279 B.R. 478, 484 (Bankr. D. Del. 2002).

32. Section 107(c)(1), added to the Code through the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, "broadened the situations in which the court could protect individuals from disclosure of sensitive information in light of the emerging problem of identity theft." 2 *Collier on Bankruptcy* ¶ 107.LH[2] (16th ed.).

33. The statute provides:

> (c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c).

34. Section 1028(d)(7) of title 18 ("Fraud and related activity in connection with identification documents, authentication features, and information") defines "means of identification" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual," including any –

> (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;
>
> (B) unique biometric data (such as finger print, voice print retina or iris image, or other unique physical representation);

      (C)  unique electronic identification number, address, or routing code; or

      (D)  telecommunication identifying information or access device (as defined in section 1029(e)).

18 U.S.C. § 1028(d)(7).

35. The specific "purpose of § 107(c) is to set forth a limited exception to the general rule that all records are public." *In re French*, 401 B.R. 295, 305 (Bankr. E.D. Tenn. 2009). Accordingly, under the precise structure and deliberate terms of § 107(c), the Court, in the exercise of its discretion, *may* limit public access of certain identification information only if it determines that (1) *cause exists, and* (2) *to the extent* dissemination of the information would constitute an *undue risk* of identity theft. *Id*. (emphasis added). The Supreme Court has "emphasized that the word 'may' clearly connotes discretion." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 136 S. Ct. 1923, 1931 (2016). "Undue," which appears as a modifier in section 107(c), is not defined in the Bankruptcy Code, and generally means "excessive or unwarranted." *Black's Law Dictionary* (3rd pocket ed. 2006). Regarding the statutory interpretation of modifiers, such as "undue," the Court has the "duty to 'give effect, if possible, to every clause and word of [the] statute.'" *In re Mazzeo*, 131 F.3d 295, 302 (2d Cir. 1997) (interpreting "liquidated" and "noncontingent" as modifiers of "debts" in § 109(e)), *quoting United States v. Menasche*, 348 U.S. 528, 538-39 (1955).

36. Given the express limitations in the statute permitting a bankruptcy court to "protect an individual" solely "to the extent" that "undue" risk is present, section 107(c)(1), like Section 107 in general, "does not mandate sealing – only protection." *Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 753 (D. Del. 2018), *quoting Anthracite*, 492 B.R. at 180. It follows from this principle that the Court's consideration of a request for relief under section 107(c)(1) necessarily entails a consideration of competing interests. *Id.*, 585 B.R. at 755-57.

### E. The Debtor Has the Burden of Proof Under § 107(c)

37. In seeking to apply any exception to the general right of public access to judicial records, codified by section 107(a) of the Bankruptcy Code, "[t]he burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption." *Cendant Corp.*, 260 F.3d at 194. In *Cendant*, the Third Circuit Court of Appeals further explained:

> [T]he party seeking the closure of a hearing or the sealing of part of the judicial record "bears the burden of showing that the material is the kind of information that courts will protect" and that "disclosure will work a *clearly defined and serious injury to the party seeking closure*." In delineating the injury to be prevented, *specificity is essential*. Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient.

*Id.* (internal citations omitted, emphasis added).

38. The moving party bears the burden of showing that a request to place documents under seal falls within the parameters of Bankruptcy Code § 107(b) and Bankruptcy Rule 9018 by demonstrating ". . . that the interest in secrecy outweighs the presumption in favor of access." *United States v. Continental Airlines, Inc. (In re Continental Airlines, Inc.),* 150 B.R. 334, 340 (D. Del. 1993); *accord Food Mgmt. Group,* 359 B.R. at 561 (Bankr. S.D.N.Y. 2007); *In re Fibermark, Inc.*, 330 B.R. 480 (Bankr. D. Vt. 2005).

39. The burden of proof to seal or redact filed bankruptcy papers "is not an easy burden nor should it be . . . The party seeking impoundment must submit 'evidence that filing under seal outweighs the presumption of public access to court records.'" *In re Creighton*, 490 B.R. 240, 244 (Bankr. N.D. Ohio 2013), *quoting Gitto/Global*, 321 B.R. at 373, *quoting In re Muma Servs. Inc.*, 279 B.R. 478, 485 (Bankr. D. Del. 2002). "[S]ealing official documents," as the Debtor would like, "should not be done without a compelling reason." *City of Hartford*, 942 F.2d at 135.

## IV.  OBJECTION

40. The Debtor has not overcome the long-standing presumption of the public's right to access court records. It is well settled that honesty and full disclosure are paramount in bankruptcy. The duty of disclosure is important in the chapter 11 context, where the debtor in possession serves as a trustee for the bankruptcy estate. *In re Scott*, 172 F.3d 959, 967 n.6 (7th Cir. 1999). In this case, the Debtor has not overcome that presumption.

### A. The Debtor Has Not Established Grounds to Redact the Names of the Contract Writers Under Section 107(c) of the Bankruptcy Code

41. The Debtor has made no attempt to fulfill its burden of proof under Bankruptcy Code § 107(c). As that statute is applied in this case, for the Court to exercise its discretion to protect the names, addresses, and other personal identifiable information of the Contract Writers, the Debtor must furnish evidence and make a concrete showing that filing this information, "*would* create" an "*undue* risk" of identity theft or other unlawful injury to the Contract Writers. 11 U.S.C. § 107(c) (emphasis added).

42. This issue was addressed by the Bankruptcy Court in *In re Celsius Network, LLC*, 644 B.R. 276, 293 (Bankr. S.D.N.Y 2022). There, the court determined that "[i]dentifying the individual account holders by name, without physical and email addresses, is insufficient information to expose customers to risks of identity theft or personal danger." 644 B.R. at 293. The court recognized that sealing such information from public disclosure "risks transforming the open and transparent bankruptcy process into something very different, which the Court is loath to do without a strong showing of real and not speculative risks." *Id.*

43. The Debtor has not set forth any facts demonstrating that disclosure of Contract Writers' contact information, including their names, would create any risk, let alone any undue risk, of identity theft or other unlawful injury.

44. The Debtor's unsubstantiated and unsupported allegations are insufficient to overcome the burden imposed under Section 107(c).

45. The Debtor cites, as authority, an unpublished order entered in *In re Bird Global, Inc., et al.*, Case No. 23-20514 (CLC) (Bankr. S.D. Fla. Dec. 22, 2023). In that case, however, the Debtors disclosed the creditors' names. Additionally, the Debtors used the services of Epiq Corporate Restructuring, LLC, a third-party noticing agent, to serve the creditors.

46. Here, the Debtor seeks to suppress disclosure of all information regarding the Contract Writers, including their names. Moreover, the Debtor's schedules indicate that the Debtor intends to provide service at a post office box maintained and controlled by the Debtor.

47. Consistent with the depth of the public right to access judicial documents, Bankruptcy Code § 107(c) by its express terms requires both proof of undue risk – *i.e.*, not merely a slightly possible, theoretical risk – as well as a certainty of such undue risk. 11 U.S.C. § 107(c). The modifier "undue" must be proven by a movant under § 107(c)(1), and not read out of the statute. *In re Mazzeo,* 131 F.3d 295, 302 (2d Cir., 1997). In the Motion, the Debtor merely hypothesizes, without the evidence required, that there is a possibility of just ordinary risk. That simply does not suffice to fulfill the Debtor's heavy burden of proof under § 107(c). *Cendant*, 260 F.3d at 194 ("Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient"); *see also Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144-45 (2d Cir. 2016) ("'Broad and general findings' and 'conclusory assertion[s]' are insufficient to justify deprivation of public access to the record, . . . 'specific, on-the-record findings' are required.") (*quoting United States v. Erie Cty.*, 763 F.3d 235, 243 (2d Cir. 2014) (internal quotations omitted).

48. Without any additional proof establishing an "undue" risk of identity theft or other unlawful injury to the Contract Writers, the Motion must be denied under § 107(c)(1).

49. The U.S. Trustee leaves the Debtor to its burden of proof and reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the relief requested by the Motion and grant any such other and further relief that the Court deems just and proper.

> MARY IDA TOWNSON
>
> UNITED STATES TRUSTEE
> REGION 21
>
> By: /s/
> Martin P. Ochs*
> Georgia Bar No. 091608
> United States Department of Justice
> Office of the United States Trustee
> 362 Richard Russell Building
> 75 Ted Turner Drive SW
> Atlanta, Georgia 30303
> (404) 331-4509
> martin.p.ochs@usdoj.gov

*I hereby certify that I am admitted to the Bars of the States of Georgia and New York and that I am excepted from additional qualifications to practice in this Court pursuant to Local Rule 9011-4 pertaining to attorneys representing the United States government.

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTOR'S MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO SUPPRESS PERSONALLY IDENTIFIABLE INFORMATION FOR CERTAIN INDIVIDUAL CREDITORS was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system and via U.S. Mail to the following:

| | |
|---|---|
| Bart Houston: | bhouston@houstonroderman.com |
| Robert Furr: | ltitus@furrcohen.com |
| Linda Leali: | trustee@lealilaw.com |

DONE this the 30th day of May, 2024.

By:      /s/
Martin P. Ochs*
Georgia Bar No. 091608
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive SW
Atlanta, Georgia 30303
(404) 331-4509
martin.p.ochs@usdoj.gov

*I hereby certify that I am admitted to the Bars of the States of Georgia and New York and that I am excepted from additional qualifications to practice in this Court pursuant to Local Rule 9011-4 pertaining to attorneys representing the United States government.

Case 24-13938-MAM    Doc 35    Filed 05/30/24    Page 15 of 15