

**ORDERED in the Southern District of Florida on June 20, 2024.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**
_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| In re: | Case No.: 24-13938-MAM |
| TGP Communications, LLC, | Chapter 11 |
| Debtors._____/ | |

**AGREED ORDER SETTING EVIDENTIARY HEARING
AND ESTABLISHING RELATED DEADLINES**

    **THIS MATTER** came before the Court upon the Motion of Ruby Freeman and Wandrea' ArShaye Moss for an Order Dismissing the Debtor's Chapter 11 Case Under Sections 1112(b) and 305(a) of the Bankruptcy Code or, in the Alternative, Modifying the Automatic Stay to Continue Prepetition Litigation (ECF No. 39) (the "Motion"). Counsel for Ruby Freeman and Wandrea' ArShaye Moss ("Movants") and counsel for the Debtor ("Respondent") have advised the Court that all parties are prepared to proceed with an evidentiary hearing. Accordingly, the Court ORDERS as follows:

1. **HEARING; SERVICE**. The Court will conduct an evidentiary hearing on **June 27, 2024** at **1:00 p.m. (ET).** The hearing will take place at the United States Bankruptcy Court located at 1515 N. Flagler Drive, Courtroom A, Room 801, West Palm Beach, Florida 33401. Movants shall serve a copy of this Order

on all appropriate parties and file a certificate of service thereof as required by this Court's local rules.

2. **VIDEO CONFERENCE PROCEDURES.** The parties are DIRECTED to comply with the *General Procedures for Hearings by Video Conference* found on Judge Mora's webpage at www.flsb.uscourts.gov. To the extent that the procedures on Judge Mora's web page conflict with the instructions in this Order, this Order shall govern.

3. **PUBLIC ACCESS.** Any person wishing to listen to the hearing by telephone must contact Maria Romaguera, Courtroom Deputy, solely by email at **Maria_Romaguera@flsb.uscourts.gov** to obtain dial-in instructions by no later than 3:00 p.m. at least two (2) business days prior to the date of the hearing. The Court cannot process untimely requests.

4. **EXCHANGE OF EXHIBITS AND WITNESS LISTS, IF ANY**.

In accordance with Local Rule 9070-1, a complete set of exhibits, if any, shall be exchanged with opposing counsel and filed with the Court according to the schedule and specifications set forth below. The number of days specified below is the minimum number of business days prior to the hearing by which the documents must be exchanged or submitted, as applicable. All submissions must occur **by 4:00 p.m.** on the specified date unless stated otherwise.

| Event | Number of Business Days Prior to Hearing |
|---|---|
| Exhibits exchanged and filed pursuant to Local Rule 9070-1 | 4 |
| Witness Lists | 4 |
| Objections to Exhibits | 2 |
| Joint Stipulation of Facts exchanged with counsel for Respondent | 4 |
| Joint Stipulation of Facts filed with the Court by Movants | 2 |
| Supporting Declarations filed with the Court | **2 (by 9:00 a.m. (ET))** |
| Objections to Supporting Declarations filed with the Court | **0 (by 9:00 a.m. (ET))** |

  A. Exhibits:

  (1) Parties must exchange set of pre-marked exhibits (including summaries) intended to be offered as evidence at the evidentiary hearing, if any. All exhibits must include the party's role in the

matter or adversary proceeding (i.e., "plaintiff" or "movants") and be sequentially numbered. When exhibits are exchanged electronically, Movants and Respondent shall also include a short descriptive name of each exhibit, e.g., "mortgage", "note", or "letter dated xx/xx/xxxx" in the file name of each exhibit.

(2) Presentation and exchange of exhibits shall conform to Local Rule 9070-1. As noted in Local Rule 9070-1, counsel representing any party shall submit the exhibits and exhibit register via CM/ECF. The exhibits so filed shall constitute the official exhibits in this matter.

(3) With regard to any summary the party will offer in evidence at the hearing, the submitting party must provide a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties.

(4) Each party must prepare a separate exhibit register based upon the Local Form Exhibit Register.

B. Witness Lists:

Each party presenting witnesses must provide all other parties with a list showing the name and, if not previously provided, the address and telephone number of each witness that the party may call at the hearing other than solely for impeachment.

C. Objections to Exhibits:

Any objection to the admissibility of any proposed exhibit, including any deposition transcript or recording (audio or video) or any summary must be submitted pursuant to the deadlines set forth above. The objection must (i) identify the exhibit, (ii) briefly state the grounds for the objection, and (iii) provide citations to case law and other authority in support of the objection. <u>An objection not so made—except for one under Federal Rule of Evidence 402 or 403—is waived unless excused by the Court for good cause.</u>

D. Joint Stipulation:

The respective parties shall file a joint stipulation of uncontested facts on or before the deadline set forth above. **Counsel for Movants shall prepare the first draft of the joint stipulation of uncontested**

>   **facts and exchange the draft with counsel for Respondent on or before the deadline set forth above**. Counsel for all parties shall sign the final stipulation of uncontested facts. The failure of counsel to prepare and submit the joint stipulation may result in sanctions.
>
>   E.  Supporting Declarations:
>
>   Any party who expects to use in person witness testimony in support or opposition to the Motion or Response shall present the direct testimony of the witness by written declaration. The written declaration, if any, shall be filed and served on or before **9:00 a.m. (ET) on June 25, 2024**. Objections to such declarations must be filed by **9:00 a.m. (ET) on June 27, 2024**. The witnesses presenting direct testimony by written declaration shall be required to appear in person in the courtroom and will affirm under oath the statements in their written declaration and shall be subject to cross-examination.

5. **FINAL ARGUMENT**. At the conclusion of the hearing, in lieu of final argument, the Court may request that each party file a proposed order with findings of fact and conclusions of law.

6. **SETTLEMENT**. If the contested matter is settled, the parties shall submit to the Court a stipulation approved by all parties and a motion for approval of the same prior to the date of the hearing. If a stipulation and motion are not submitted to the Court, all parties shall be prepared to proceed with the hearing. If the contested matter is removed from the calendar based upon the announcement of a settlement, the contested matter will not be reset for hearing if the parties fail to consummate the settlement. In such event, the Court will consider only a motion to enforce the settlement, unless the sole reason the settlement is not consummated is that the Court did not approve the settlement, in which case the matter will be reset for hearing at a later date.

7. **SANCTIONS**. Failure to appear at the hearing or to comply with any provision of this order may result in appropriate sanctions, including the award of attorney's fees, striking of papers, or the exclusion of exhibits or witnesses.

8. **CONTINUANCES**. Continuances of the hearing or any deadlines set forth in this order must be requested by written motion. Any request for continuance or amendment to this order shall set forth the status of discovery and shall state the reasons why the party or parties seek a continuance.

9. **BRIEFING SCHEDULE**.

    a. The Respondent may file a response (the "Response") to the Motion on or before **June 18, 2024 at 4:00 p.m.** If Respondent elects to file a Response the title of the Response shall reference the ECF number of the Motion. The Response must not exceed ten (10) pages in length, including any accompanying memoranda of law. If Respondent(s) choose(s) to submit supplemental documentation, each document must be filed as an individual exhibit to the Response. Failure to timely file a Response may result in the Court granting the Motion.

    b. Movants and any other party in interest may file a reply (each, a "Reply") to the Response on or before **June 25, 2024 at 4:00 p.m.** If Movants or any other party in interest elects to file a Reply, each Reply shall not exceed five (5) pages in length. If Movants or any other party in interest chooses to submit supplemental documentation, each document must be filed as an individual exhibit to the Reply.

    c. The Response and any Reply must provide pinpoint citations identifying (i) contested allegations by paragraph and (ii) describing the purported legal basis for dismissal (or lack thereof). Failure to provide the Court with clear, accurate, and precise citations may result in the Court striking the relevant factual or legal assertion(s).

    d. The Response and any Reply shall be formatted with 12-point font (preferably Times New Roman or Century Schoolbook) and double-spacing of paragraphs. Failure to adhere to page limitations may result in the Court striking the portion of the submission that exceeds the stated limitations.

**###**

**Submitted by:**

David A. Blansky
DUNN LAW, P.A.
66 West Flager Street, Suite 400
Miami, FL 33130
Telephone: (786) 433-3866
Facsimile: (786) 260-0269
dblansky@dunnlawpa.com

**Copy furnished to:**

*Attorney David A, Blansky shall immediately serve this Order upon all parties listed below and file a certificate of service with the Court that conforms with Local Rule 2002-1(F).*

Debtor
United States Trustee's Office
Linda Leali, Esq.
Dr. Eric Coomer
All apparences