# Exhibit 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **RUBY FREEMAN, et al.,** | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:21CV1424 HEA |
| **JAMES HOFT, et al.,** | ) |
| Defendants. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand, [Doc. No. 13]. The matter is fully briefed and ready for disposition. For the reasons set forth below, Plaintiffs' Motion to Remand will be granted.

### Facts and Background

On Thursday, December 2, 2021, Plaintiffs Ruby Freeman and Wandrea Moss filed this defamation (Counts I and II) and intentional infliction of emotional distress (Count III) action in the Circuit Court of the City of St. Louis, Missouri, against individual defendants James Hoft and Joseph Hoft, and corporate defendant TGP Communications LLC, d/b/a, The Gateway Pundit (TGP), alleging Defendants made false statements about their activities as election workers during the 2020 Presidential election, which has damaged their professional and personal reputations. Plaintiffs are seeking damages and other relief as compensation.

On Sunday, December 5, 2021, Defendant Joseph Hoft removed the cause of action to this Court, invoking jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a), noting the forum defendant rule does not bar removal of the action where the forum defendant has not yet been served. According to the notice of removal, Defendant Joseph Hoft is a citizen of the state of Florida and Defendants James Hoft and TGP are citizens of the State of Missouri. Plaintiffs are both citizens of the State of Georgia. Defendants James Hoft and TGP were served the day after the notice of removal was filed, December 6, 2021. Defendant Joseph Hoft was served on December 14, 2021.

In the instant motion, Plaintiffs argues that because (i) no defendant had been served at the time the notice of removal was filed, "snap removal" was not available and removal is improper; and (ii) Joseph Hoft is a citizen of the state of Missouri, not Florida, so as a forum defendant, he is not entitled to snap removal, and the case should be remanded pursuant to the forum defendant rule, 28 U.S.C. § 1441(b)(2). Defendant opposes remand, arguing that under the doctrine of "snap removal," the Court has diversity jurisdiction under 28 U.S.C. § 1441(b)(2) because the forum defendants (James Hoft and TGP) had not been served at the time of removal. Defendant also maintains Joseph Hoft is a resident of Florida and

is not a forum defendant.[1] The parties do not dispute that none of the defendants were served at the time of removal.

## Legal Standard

"[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court" in which the action is pending. 28 U.S.C. § 1441(a). A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.,* 80 F.3d 257, 260 (8th Cir. 1996). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Green v. Ameritide, Inc.,* 279 F.3d 590, 595 (8th Cir. 2002); *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.,* 284 F.3d 857, 861 (8th Cir. 2002). A district court is required to resolve all doubts about federal jurisdiction in favor of remand. *Bates v. Mo. & N. Ark. R.R. Co.,* 548 F.3d 634, 638 (8th Cir.2008); *In re*

---

[1] The Court will not address the issue regarding Defendant Joseph Hoft's residency since the Plaintiff's Motion to Remand will be granted for the reasons explained below. Therefore, the issue is moot.

3

*Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1) there must be complete diversity of citizenship between plaintiffs and defendants. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). "It is settled, of course, that absent complete diversity a case is not removable because the district court would lack original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 564 (2005) (cited case omitted). Where complete diversity of citizenship does not exist, 28 U.S.C. § 1447(c) requires a district court to remand the case to state court for lack of subject matter jurisdiction.

The "forum defendant rule" imposes an additional restriction on the removal of diversity cases. 28 U.S.C. § 1441(b)(2). Specifically, the statute provides that:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. *Id.*

A case must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

4

## Discussion

While the statute plainly does not allow removal once a forum defendant has been properly served, there is "much disagreement on whether to invoke the forum defendant rule in cases of pre-service removal." *Boschert v. Wright Med. Grp., Inc.,* No. 4:15-CV-00211 (AGF), 2015 WL 1006482, at *2 (E.D. Mo. Mar. 6, 2015). Although the Eighth Circuit recently joined other circuits holding a violation of the forum defendant rule is a non-jurisdictional defect that must be raised within 30 days of removal, it has not addressed the propriety of "snap removal." *Holbein v. TAW Enters., Inc.,* 983 F.3d 1049, 1053 (8th Cir. 2020) (en banc). This district has taken three different approaches. In large part, the different views expressed by the courts arise from tension between the plain text of 28 U.S.C. § 1441(b)(2) and its presumed purpose.

The first approach is permitting snap removals based on the plain language of the statute, which does not explicitly state a defendant must be served before filing a notice of removal. *See, e.g., Tillman v. BNSF Ry. Co.,* No. 1:20-CV-00178 SNLJ, 2021 WL 842600, at *2 (E.D. Mo. Mar. 5, 2021). Among the reasons provided for these decisions, is the Eighth Circuit's prescription that "[w]hen the language of the statute is plain, the inquiry also ends with the language of the statute, for in such instances the sole function of the courts is to enforce [the statute] according to its terms." *United States v. Union Elec. Co.,* 64 F.3d 1152, 1165 (8th Cir. 1995) (internal quotation marks and citations omitted).

5

The second approach is remanding snap removals because they are inconsistent with the legislative intent behind the forum defendant rule, which is to protect the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving, and the purposes of removal. *See, e.g., Laster v. Monsanto Co.,* No. 4:18-CV-00397 CAS, 2018 WL 1566846, at *2 (E.D. Mo. Mar. 30, 2018). In accordance with this premise, district courts, including this one, have carved out exceptions to the "joined and served," language, deeming their analysis the "congressional intent" approach when Defendant is engaging in procedural gamesmanship to keep the case out of state court. *See, e.g., Gray v. Monsanto Co.,* No. 4:17-CV-02882 HEA, 2018 WL 488935, at *2 (E.D. Mo. Jan. 19, 2018) (granting remand and finding that although the statute's plain text is ordinarily decisive, it is notable that policy purposes underlying the "joined and served" language to prevent procedural gamesmanship are well-served).

The final approach is allowing snap removals only when at least one defendant has been served, based on a construction of the word "any" in section 1441(b)(2). *See, e.g., M & B Oil, Inc. v. Federated Mut. Ins. Co.,* No. 4:21-CV-00250 (NCC), 2021 WL 3472629, at *2 (E.D. Mo. Aug. 6, 2021), motion to certify appeal granted, No. 4:21-CV-00250 (NCC), 2021 WL 4963524 (E.D. Mo. Oct. 26, 2021); *Czapla v. Republic Servs., Inc.,* 372 F. Supp. 3d 878, 881 (E.D. Mo. 2019) (the Court narrowed its application of § 1441(b) by requiring service on at least one defendant before the case may be removed); *Rogers v. Boeing Aerospace*

6

*Operations*, Inc., 13 F.Supp.3d 972, 978 (E.D. Mo. 2014) (interpreting the text to mean that "an out-of-state defendant may remove a diversity case if at least one defendant–and no forum defendant–has been served"); *Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1244–45 (E.D. Mo. 2012) (ordering remand where the *out-of-state* defendant removed the case only six days after plaintiffs filed the complaint and before *any* defendant was served) (emphasis added).

Acknowledging the recent cases that narrow the application of § 1441(b), this Court finds that the word "any" requires at least one party to have been joined and served before a defendant can snap remove. *Rogers*, 13 F.Supp.3d 972 at 977-78; 28 U.S.C. 1441 § (b)(2). Plaintiffs filed the action in state court on Thursday, December 2, 2021, and Defendant Joseph Hoft removed a mere three days later on Sunday, December 5, 2021 before *any* defendant had been served. Therefore, under this Court's interpretation of the forum defendant rule, the Court cannot maintain jurisdiction over this suit based on diversity, and Plaintiff's Motion to Remand will be granted.

## Conclusion

The Court concludes that diversity jurisdiction is not properly present in this case because Defendant Joseph Hoft removed it before any defendant was served. Further, a district court is required to resolve all doubts about federal jurisdiction in favor of remand. *Bates v. Mo.,* 548 F.3d 634 at 638; *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613 at 619 (citing *Wilkinson*, 478 F.3d 957 at 963)).

7

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, [Doc. No. 13], is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court of the City of St. Louis, Missouri.

Dated this 6th day of June, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE