# Exhibit 4

STATE OF MISSOURI )
) SS
CITY OF ST. LOUIS )

FILED
DEC 20 2022
22ⁿᵈ JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY MD         DEPUTY

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

RUBY FREEMAN and WANDREA )
MOSS, )
)
    Plaintiffs, )
)  Cause No. 2122-CC09815-01
vs. )
)  Division No. 18
JAMES HOFT, JOSEPH HOFT, and )
TGP COMMUNICATIONS LLC d/b/a )
*THE GATEWAY PUNDIT*, )
)
    Defendants. )

## ORDER

The Court has before it Plaintiffs' Second Motion to Compel Discovery and for a Protective Order and Defendants' Cross Motion for Protective Order. The Court now rules as follows.

On December 2, 2021, Plaintiffs filed this lawsuit alleging that Defendants knowingly and repeatedly published false accusations that Plaintiffs committed election fraud during the 2020 presidential election. In their Second Amended Petition, Plaintiffs bring claims for defamation (Counts I and II) and intentional infliction of emotional distress (Count III).

Plaintiffs seek the Order of this Court compelling Defendants to produce documents responsive to Plaintiffs' Second Requests for Production, and for entry of a Protective Order. Defendants agree that a protective order should issue but ask that this Court enter the Protective Order proffered by Defendants.

The general rule of discovery found in Rule 56.01(b)(1) is that the parties may obtain information regarding any matter, not privileged, that is relevant to the subject matter involved in

the pending action. State ex rel. Ford Motor Co. v. Westbrooke, 151 S.W.3d 364, 366 (Mo. banc 2004). Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." Rule 56.01; State ex rel. Stecher v. Dowd, 912 S.W.2d 462, 464 (Mo. banc 1995). "The party seeking discovery shall bear the burden of establishing relevance." Rule 56.01(b)(1); State ex rel. Ford Motor Co., 151 S.W.3d at 366.

Plaintiffs seek the Order of this Court overruling Defendants' objections to Plaintiffs' Second Requests for Production 1-7 and requiring Defendants to answer said requests. The Court has reviewed the discovery requests at issue and finds that Defendants' objections should be overruled as to requests 3-7 and that Defendants should be ordered to answer. Regarding request for production 1, which seeks all documents related to Google Analytics, the Court finds that Defendants' objections that the request is overbroad and unduly burdensome should be sustained at this time. Plaintiffs have proposed narrowing the scope of request for production 2 by requesting five sets of Google Analytics reports for each month from January 1, 2020 through the present: landing page reports, all page reports, filtered all pages reports, traffic acquisition reports and monthly topline reports. The Court finds that Defendants' objections should be overruled as to request 2 and that Defendants should be ordered to answer only as limited by Plaintiffs' proposal.

Next, both parties seek a Protective Order in order to protect the confidential information of the parties.

Rule 56.01(c), which authorizes protective orders, states:

> Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

2

> (1) that the discovery not be had;
>
> (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place;
>
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
>
> (4) that certain matters not be inquired into, or that the scope of discovery be limited to certain matters; ...

"A protective order should issue if annoyance, oppression, and undue burden and expense outweigh the need for discovery." State ex rel. Ford Motor Co. v. Messina, 71 S.W.3d 602, 607 (Mo. banc 2002); See also Edwards v. State Bd. of Chiropractic Examiners, 85 S.W.3d 10, 22 (Mo. App. W.D. 2002).

In this case, the parties agree that a protective order should be entered but cannot agree as to its terms. Following a review of the record the Court finds that both parties have shown good cause for the entry of a protective order herein. Following a review of the proposed orders proffered by each party, the Court finds that Plaintiffs' proposed order best protects the parties' confidential information without imposing undue burden. Accordingly, the Court will enter Plaintiffs' proposed Protective Order.

Finally, both Plaintiffs and Defendants seek attorneys' fees and costs related to the instant motion. The Court finds that it should not exercise its discretion here to order the sanctions sought because they are in excess of what is necessary to accomplish the purposes of discovery. See Fairbanks v. Weitzman, 13 S.W.3d 313, 327 (Mo. App. E.D. 2000).

THEREFORE, it is Ordered and Decreed that Plaintiffs' Second Motion to Compel Discovery and for a Protective Order is hereby GRANTED.

3

Defendants' objections to Plaintiffs' Second Requests for Production 3-7 are hereby overruled.

Defendants' objection to request for production 1 is sustained.

Defendants' objections to Plaintiffs' Second Requests for Production 2 are overruled as limited to five sets of reports for each month from January 1, 2020 through the present: landing page reports, all page reports, filtered all pages reports, traffic acquisition reports and monthly topline reports.

Defendants are Ordered to answer the subject discovery within twenty days of the date of this Order.

This Court will enter Plaintiffs' proposed Protective Order.

In all other respects, Plaintiffs' motion is denied.

Defendants' Cross Motion for Protective Order is granted in part to the extent that this Court is entering a Protective Order in order to protect the confidential information of the parties. Defendants' Cross Motion for Protective Order is denied in all other respects.

SO ORDERED:

_____
Jason Sengheiser, Judge

Dated: December 20, 2022