# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION
# www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re: | § | Chapter 11 (Subchapter V) |
| | § | |
| TGP COMMUNICATIONS, LLC, | § | Case No. 24-13938 (MAM) |
| | § | |
| Debtor. | § | |

**DR. ERIC COOMER'S JOINDER TO THE REPLY IN SUPPORT OF THE MOTION OF RUBY FREEMAN AND WANDREA' ARSHAYE MOSS FOR AN ORDER DISMISSING THE DEBTOR'S CHAPTER 11 CASE UNDER SECTIONS 1112(b) AND 305(a) OF THE BANKRUPTCY CODE OR, IN THE ALTERNATIVE, MODIFYING THE AUTOMATIC STAY TO CONTINUE PREPETITION LITIGATION**

Dr. Eric Coomer ("Dr. Coomer"), by and through undersigned counsel, respectfully joins and adopts the Reply in Support of the Motion of Ruby Freeman And Wandrea' Arshaye Moss for an Order Dismissing the Debtor's Chapter 11 Case Under Sections 1112(B) and 305(A) of the Bankruptcy Code or, in the Alternative, Modifying the Automatic Stay to Continue Prepetition Litigation (the "Reply") [ECF No. 79], and states:

## PROCEDURAL POSTURE OF THE COLORADO LITIGATION

Dr. Coomer joins and adopts the arguments and supporting authority cited in the Reply, but briefly draws the Court's attention to aspects of the Colorado Litigation that lend further support to arguments raised in the Reply.

The procedural posture of the Colorado Litigation lends further support to Freeman and Moss' arguments regarding Debtor's lack of a valid bankruptcy purpose. Specifically, the Reply raises the suspect timing of Debtor's bankruptcy filing, noting that it "just so happened to occur on the same date the Hoft brothers were served with deposition notices in the Missouri Litigation." Reply, p. 4. The April 25 Suggestion of Bankruptcy similarly came very shortly after the Colorado Court of Appeals denied

1

Debtor's appeal of the Denver District Court's order denying Debtor's anti-SLAPP Motion to Dismiss on April 11, 2024. As a result, Debtor's obligation to participate in discovery upon remand was just about to commence.

These facts support a determination that Debtor filed this bankruptcy not for a valid purpose, but rather as a ploy to escape its obligations in the Colorado Litigation.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Dr. Eric Coomer joins the Reply in Support of the Motion and respectfully requests that the Court enter an order granting the Motion and dismissing this chapter 11 case. In the alternative, Dr. Eric Coomer requests an order granting him relief from the automatic stay to continue the Colorado Litigation to judgment.

Dr. Coomer further reserves the right to raise any arguments in connection with the Reply at the next scheduled hearing.

Dated: June 25 2024

/s/ *Vincent F. Alexander*
Vincent F. Alexander
valexander@shutts.com
Florida Bar No. 68114
**SHUTTS & BOWEN LLP**
201 East Las Olas Blvd., Suite 2200
Fort Lauderdale, Florida 33301
954-524-5505
954-524-5506—Facsimile

-AND-

/s/ *Ryan E. Chapple*
Charles J. Cain - *Pro Hac Vice*
ccain@cstrial.com
Ryan E. Chapple - *Pro Hac Vice*
rchapple@cstrial.com
Bradley A. Kloewer - *Pro Hac Vice*
bkloewer@cstrial.com

2

**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile

**ATTORNEYS FOR DR. ERIC COOMER**

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record or *pro se* parties who are authorized to receive electronically Notice of Electronic Filing in this bankruptcy case.

/s/ Vincent F. Alexander
Vincent F. Alexander