**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:  Chapter 11

TGP COMMUNICATIONS, LLC  Case No. 24-13938-MAM

    Debtor.

_____/

**EXPEDITED
MOTION PURSUANT TO FED. R. BANKR. P. 8007 FOR ENTRY OF AN
ORDER STAYING THE MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS CHAPTER 11 CASE UNDER
SECTIONS 1112(B) AND 305(A) OF THE BANKRUPTCY CODE (ECF NO. 95)
AND/OR CONTINUING AUTOMATIC STAY PENDING CONCLUSION OF APPEAL**

> Expedited relief is requested on this Motion. The urgency is related directly to the progression of the Missouri Litigation and the Colorado Litigation which continues to deplete the limits of the Media Liability insurance policy and additional harm to the Debtor's reorganization potential.

TGP Communications, LLC seeks an order staying the effect of the Memorandum Opinion And Order Granting Motion To Dismiss Chapter 11 Case Under Sections 1112(B) And 305(A) Of The Bankruptcy Code (ECF No. 95) and/or continuing automatic stay pending conclusion of Appeal.

### BACKGROUND

**Facts Pertinent to Relief Requested**

1. On July 25, 2024, the Court entered its Memorandum Opinion And Order Granting Motion To Dismiss Chapter 11 Case Under Sections 1112(B) And 305(A) Of The Bankruptcy Code (ECF No. 95) ("**Dismissal Order**"). The effect of the Dismissal Order was to terminate the automatic stay in effect since the filing of the voluntary petition.

2. Since the entry of the Dismissal Order, Ruby Freeman and Wandrea' Arshaye Moss and Eric Coomer (collectively, the "**Litigation Creditors**") have recommenced the litigation cases in St. Louis

Missouri (the "**Missouri Litigation**") and Denver Colorado (the "**Colorado Litigation**", and together with the Missouri Litigation, the "**Litigations**").

3. On August 8, 2024, the Debtor filed its Notice of Appeal seeking review of the Dismissal Order by the District Court.

4. The declared reasons for filing the bankruptcy case was (i) to avoid certain events that would put the Debtor out of business; and (ii) to utilize the remaining media policy proceeds to address creditor claims.

5. By virtue of the Dismissal Order and the hasty recommencement of the Litigations, any favorable result that may be gained in the appellate process will be thwarted and the Debtor will cease to exist.

### RELIEF REQUESTED

6. For these reasons, and others, the Debtor seek an order staying the effect of the Dismissal Order and/or to order the continuation of the automatic stay pending conclusion of the appeal.

### ARGUMENT

As most recently stated by the 11th Circuit,

> In reviewing a motion to stay a preliminary injunction pending appeal, we consider the following factors: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies.

*Naacp v. City of Jacksonville*, No. 22-14260, 2023 U.S. App. LEXIS 478, at *3-5 (11th Cir. Jan. 6, 2023)(citing to *Robinson v. Att'y Gen.*, 957 F.3d 1171, 1176 (11th Cir. 2020)).

**A.    Whether the stay applicant has made a strong showing that it is likely to succeed on the merits**

The primary consideration for the court when. Entering a stay is the likelihood of prevailing on the merits. Of course, this is a difficult prong to argue to the trial court that entered the order sought to be stayed. In this instance, the court made substantial assumptions and statements that

2

were not borne out by the evidence or supported by the record. By way of example, the Court criticized the Debtor's plan for not including retirement accounts for which the debtor was the legal title holder, but not the beneficial owner. This was the Schwab retirement account for which the Debtor's principal was the beneficiary. This is not estate property and could not be included in the Plan. This issue was obvious from the record in the 341 meetings. The court also criticized the Debtor's Plan for not including a commitment of the Media Insurance Policy proceeds for payment to creditors. Of course, the policy proceeds are not estate property and could not be included within the plan. However, as always indicated by the Debtor, it was the intent to negotiate with creditors and the insurance company to obtain remaining policy proceeds to supplement the Debtors plan payment stream. Many other statements of fact in the. Dismissal order are equally erroneous and subject to adjustment on appeal.

B.   **Whether the applicant will be irreparably injured absent a stay**

As previously indicated, the continuation of the litigations will deplete the policy proceeds before trial and will in all likelihood result in the cessation of the Debtor's business. That is, it would be expected that if the jury found the debtor liable in the Missouri Litigation, the jury would award amounts in excess of the Debtor's assets. Unable to pay the judgment, the Debtor would cease its operations. This would leave little to no other assets for any other creditor. The same is true for the Colorado Litigation as it too would result in depletion of policy proceeds and exhaustion of estate assets. This is the most irreparable of injuries as the Debtor would cease to exist or would otherwise be forced into a Chapter 7 liquidation.

C.   **Whether the issuance of the stay will substantially injure the other parties interested in the proceeding**

The only injury that may befall the Litigation Creditors is a delay in the ultimate determination of their claims. Whether the claims were tried in the original venues or in the

Southern District of Florida, there would certainly be some determination as to the amount of their respective claims. Of course, bankruptcy is intended to foster negotiations that allow creditors to be repaid and debtors to reorganize. The best place for this process is in the bankruptcy court and not within two different Courts at opposite ends of the country. Any potential injury to the litigation creditors would pale in comparison to the damage to the debtor absent a stay.

### D. Where the public interest lies.

The public interest is not so substantial in this case. Clearly at one end is First Amendment rights of Free speech and expression of opinion. The other end is access to the courts and rights to adjudication of claims. Staying the effect of the Dismissal Order pending appeal would result in a determination of those balancing interests. The public interest is not so strong on one side or the other as to be a factor in this case.

## CONCLUSION

The Supreme Court has explained that "[t]he whole idea [of a stay] is to hold the matter under review in abeyance because the appellate court lacks sufficient time to decide the merits." *Nken v. Holder*, 556 U.S. 418, 432, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009). A stay pending appeal has the practical effect of "preventing some action before the legality of that action has been conclusively determined" by "temporarily suspending the source of authority to act—the order or judgment in question—not by directing an actor's conduct." *Id*. at 428-429. A stay therefore "simply suspend[s] judicial alteration of the status quo[.]" *Id*. at 429. See, Naacp v. City of Jacksonville, No. 22-14260, 2023 U.S. App. LEXIS 478, at *3-5 (11th Cir. Jan. 6, 2023). The Debtor seek relief to preserve the *status quo* in order to preserve the Media Liability Insurance policy and to otherwise pursue its reorganization plan.

**WHEREFORE,** TGP Communications, LLC seeks an order staying the effect of the Memorandum Opinion And Order Granting Motion To Dismiss Chapter 11 Case Under Sections 1112(B) And 305(A) Of The Bankruptcy Code and/or continuing the automatic stay in order to allow the Debtor to pursue its appeal of the Dismissal Order and any other relief deemed just.

**Dated: August 25, 2024**

Respectfully submitted,

By: /s/ Bart A. Houston
Bart A. Houston
Florida Bar No. 623636
**HOUSTON RODERMAN**
*Counsel for Debtor*
633 S. Andrews Ave. Suite 500
Ft. Lauderdale, Florida 33301
Telephone: (954) 900-2615
Facsimile: (954) 839-9068
Primary Email: bhouston@houstonroderman.com
Secondary Email: dschena@houstonroderman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was served by the CM/ECF Noticing System on all counsel or parties of record who are on the CM/ECF Noticing System on August 25, 2024
.

By: /s/ Bart A. Houston
Bart A. Houston
Florida Bar No. 623636